1

2

3

4                IN THE UNITED STATES DISTRICT COURT

5             FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    JONATHAN WYCINSKY,                    Case No. 16-cv-02873-MMC

          Plaintiff,
8
                                          **ORDER ADOPTING MAGISTRATE**
9         v.                              **JUDGE'S RECOMMENDATION;**
                                          **GRANTING DEFENDANT CITY OF**
10   CITY OF RICHMOND, et al.,            **RICHMOND'S MOTION TO DISMISS;**
                                          **AFFORDING PLAINTIFF LEAVE TO**
11        Defendants.                     **AMEND**

12                                        Re: Dkt. Nos. 5, 10

13

14        Before the Court are the following matters: (1) a Motion to Dismiss, filed June 3,

15   2016, by defendant City of Richmond,[1] pursuant to Rule 12(b)(6) of the Federal Rules of

16   Civil Procedure, and (2) a Report and Recommendation, filed July 12, 2016, by

17   Magistrate Judge Sallie Kim, in which she recommends this Court dismiss the above-

18   titled action for failure to prosecute.  Plaintiff Jonathan Wycinsky has not responded to

19   the motion or the Report and Recommendation.[2]  Having read and considered the

20   moving papers, and having reviewed de novo the Report and Recommendation, the

21   Court, for the reasons stated in its order of dismissal, filed July 19, 2016, in Case No. 16-

22

23   _____

24        [1] The other named defendant is Christopher Magnus.  (See Compl. at 1:14-15.)
     To date, said defendant has not been served.

25
          [2] Any opposition to the motion was due no later than June 17, 2016.  See Civil
26   L.R. 7-3(a) (providing "opposition must be filed and served not more than 14 days after
     the motion was filed").  Any objection to the Report and Recommendation was due no
27   later than July 26, 2016.  See Fed. R. Civ. P. 72(b)(2) (providing, "[w]ithin 14 days after
     being served with a copy of the recommended disposition, a party may serve and file
28   specific written objections to the proposed findings and recommendations").

United States District Court
Northern District of California

2871, and set forth in all material respects below, hereby GRANTS the City of Richmond's motion to dismiss and ADOPTS Judge Kim's recommendation with respect to said defendant.[3]

## BACKGROUND[4]

Plaintiff Jonathan Wycinsky is an individual who was, until June of 2014, employed as a police officer by defendant City of Richmond ("the City").

"[O]n or about August 31, 2012," plaintiff "suffered a torn elbow, torn rotator cuff, shoulder and upper extremity injury" when, in his capacity as a police officer, he was assaulted while apprehending a suspected criminal in the City of Richmond. (See Compl. ¶ 12.)  In June 2013, plaintiff took a "short period" of medical leave from his work as a police officer in order to undergo shoulder surgery for his injuries. (Id. ¶ 13.)  While plaintiff was on leave, his supervisor contacted him to inquire when he would return to work. (Id.)  Plaintiff replied that he had been prescribed and was taking "narcotics pain medication" that prevented him from "driv[ing], or perform[ing] the essential functions of his job," to which plaintiff's supervisor responded that "[t]he City has drawn a line in the sand on these cases and we're bringing everyone back to work no matter what the restrictions say." (Id. ¶¶ 13-14.)  Plaintiff told his supervisor that "he did not agree," and made an "internal safety complaint." (Id. ¶ 14.)

Nonetheless, plaintiff returned to work in November 2013, although he was "in a considerable amount of pain." (Id. ¶ 15.)  At some time later, plaintiff again explained to his supervisor that he could not work safely while taking his medications, but his

---

[3] In light thereof, the hearing scheduled for September 2, 2016, is hereby VACATED.

[4] The following allegations are taken from the Complaint.

2

supervisor "became furious," told him to "ignore his doctor's instructions [to] take his medication," and further told plaintiff "that 'pain narcotics is not a reason to not come to work' and 'other employees work with stronger pain medications.'" (Id.)  The supervisor also "question[ed]" plaintiff's injuries and told him to "comply with the City's sick leave program."  (Id.)[5]

"[A]s a direct result of [d]efendants' interference with [p]laintiff's medical treatment and care," plaintiff's medical condition "deteriorate[d]."  (Id. ¶ 16.)  Thereafter in June 2014, as a result of his worsened condition, plaintiff's "doctor took [him] off work indefinitely, . . . thereby resulting in the constructive termination of [plaintiff's] employment."  (Id.)  The City did not hold "any hearings" or otherwise provide plaintiff with an "opportunity to be heard" prior to the time plaintiff's employment with the City ended, and, further, "black-ball[ed] [plaintiff] from any future employment as a police officer."  (Id. ¶ 19.)

Based on the foregoing, plaintiff asserts, as against the City and the other defendant, a cause of action under 42 U.S.C. § 1983 ("First Cause of Action"), alleging that his constitutional rights to "substantive and procedural due process," to "privacy," and under the "First Amendment" have been violated.  (Id. ¶ 18.)  As against the City only, plaintiff also asserts two state law claims, specifically, for violation of California Labor Code Section 1102.5 ("Second Cause of Action"), and violation of California Labor Code Section 6310 ("Third Cause of Action").  By the instant motion, the City seeks dismissal of all said claims against it.

_____

[5] Although plaintiff alleges all of the above conversations were with a "Lt Curran" and does not specifically allege that such conversations were with his "supervisor," it would appear that plaintiff intended to allege that the conversations were with defendant Christopher Magnus, whom he describes as a "managerial or supervisory employee of the City of Richmond" (Compl. ¶ 5) and whose "acts" he later characterizes as, inter alia, "intentional, oppressive, fraudulent and done with ill will" (id. ¶ 24).

United States District Court
Northern District of California

United States District Court
Northern District of California

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." See id. Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

**A. Section 1983 Claim**

The City first argues that plaintiff's § 1983 claim, the only federal claim asserted against the City, fails because plaintiff has not alleged a violation of his constitutional

4

rights.  The Court will address each alleged constitutional violation in turn.

### 1.  Violation of Right to Procedural Due Process

Plaintiff alleges that his right to procedural due process was violated when the City "constructively terminat[ed] [his] employment, without any hearings or opportunity to be heard."  (See Compl. ¶ 19.)   As the City points out, however, plaintiff has failed to allege a violation of his right to procedural due process, as he has not alleged that he possessed a "property right in continued employment" with the Richmond Police Department.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985) (holding only employees who have "a property right in continued employment," as "created and . . . defined by existing rules or understandings that stem from an independent source such as state law," can assert a "federal constitutional claim" against a governmental entity for "depriv[ing] them of this property without due process") (internal quotation and citation omitted).

Accordingly, to the extent the First Cause of Action against the City is based on an alleged procedural due process violation, such cause of action is subject to dismissal.

### 2.  Violation of Right to Substantive Due Process

Plaintiff further alleges that his right to substantive due process was violated when the City "black-ball[ed] [him] from any future employment as a police officer."  (See Compl. ¶ 19.)  While the Ninth Circuit has recognized a substantive due process violation where a government employer has taken "stigmatizing actions" that have made "it virtually impossible for [a plaintiff] to find new employment in his chosen field," see Engquist v. Oregon Dept. of Agriculture, 478 F.3d 985, 998 (9th Cir. 2007) (internal quotation and citation omitted), the above conclusory allegation that plaintiff has been "black-ball[ed]" is insufficient to state a claim.  See Iqbal, 556 U.S. at 678 (holding "conclusory statements" insufficient to state claim for relief; explaining courts "are not

5

bound to accept as true a legal conclusion couched as a factual allegation") (internal

quotation and citation omitted).

Accordingly, to the extent the First Cause of Action against the City is based on an

alleged substantive due process violation, such cause of action is subject to dismissal.

### 3. Violation of Right to Privacy

Although plaintiff asserts a violation of his "privacy rights" (Compl. ¶ 18), the

Complaint, as the City points out, does not identify the conduct on which plaintiff relies as

the basis for any such claim.  See Iqbal, 556 U.S. at 678 (holding claim will not survive

motion to dismiss "if it tenders naked assertions devoid of further factual enhancement")

(internal quotation and citation omitted).  Moreover, no such basis is otherwise apparent,

as plaintiff has not alleged, for example, facts to support a finding that his supervisor

"disclos[ed]" his medical information "to 'third' parties" without his authorization or

"collect[ed] [his medical] information by illicit means."  See Norman-Bloodsaw v.

Lawrence Berkeley Laboratory, 135 F.3d 1260, 1269 (9th Cir. 1998).

Accordingly, to the extent the First Cause of Action against the City is based on an

alleged violation of plaintiff's right to privacy, such cause of action is subject to dismissal.

### 4. Violation of First Amendment Rights

Plaintiff next alleges his First Amendment rights were violated when the City

"retaliated against [him]" (see Compl. ¶ 20) for telling his supervisor that he could not

perform his duties while taking his prescribed medications and for making a departmental

complaint.  As the City points out, however, plaintiff fails to allege the requisite elements

of a First Amendment retaliation claim, and, in particular, facts to support a finding that

such speech "addressed an issue of public concern," i.e., an issue that "can fairly be

considered to relate to any matter of political, social, or other concern to the community."

Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009) (holding "speech that deals with

individual personnel disputes and grievances . . . is generally not of public concern")
(internal quotations and citations omitted).

Accordingly, to the extent the First Cause of Action against the City is based on an
alleged violation of plaintiff's First Amendment rights, such cause of action is subject to
dismissal.

### 5.  Conclusion as to First Cause of Action

For the reasons set forth above, plaintiff has failed to allege a constitutional
violation, and, accordingly, his First Cause of Action, brought pursuant to 42 U.S.C.
§ 1983, is hereby DISMISSED as against the City.[6]

## B.  Leave to Amend

Although the City seeks dismissal without leave to amend, the Court will afford
plaintiff leave to amend his First Cause of Action, as the deficiencies noted above do not
appear to be of the type that are incapable of amendment, see Balistreri, 901 F.2d at 701
(holding leave to amend "should be granted if it appears at all possible that the plaintiff
can correct the defect") (internal quotation and citation omitted), and the Court has not
ruled previously on the sufficiency of the allegations made in support thereof, see Allen v.
City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (listing previous amendment
among factors considered by court in determining whether to afford leave to amend).

//

---

[6] The City argues that the First Cause of Action is subject to dismissal for the additional reason that plaintiff fails to allege facts to support a finding that plaintiff's supervisor, in committing the alleged constitutional violations, acted pursuant to a "policy or custom" instituted by the City.  See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). In making such argument, however, the City does not address the sufficiency of plaintiff's allegation that his supervisor told him that "[t]he City has drawn a line in the sand on these cases and we're bringing everyone back to work no matter what the restrictions say."  (See Compl. ¶ 14.)  Under the circumstances, and given the other grounds for dismissal discussed above, the Court has not addressed herein the sufficiency of the Complaint as to liability under Monell.

United States District Court
Northern District of California

United States District Court
Northern District of California

**C.  State Law Claims**

In light of the above dismissal of the only claim against the City over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims against the City.

Accordingly, the state law claims against the City are hereby DISMISSED, with leave to re-file in state court or, in the event plaintiff files an amended complaint, with leave to re-file in this court.[7]

### CONCLUSION

The above-titled action is hereby DISMISSED as against the City with leave to amend on or before August 12, 2016.  If plaintiff does not file an amended complaint, the above-titled action will proceed only as against the other named defendant.

**IT IS SO ORDERED.**

Dated:  August 2, 2016

MAXINE M. CHESNEY
United States District Judge

---

[7] Should plaintiff choose to re-file his state law claims, he may do so either as presently alleged or as amended.

8